UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| AMERICAN BERBER, INC., and | : | Substantively Consolidated |
| AMERICAN CARPET GROUP, INC., | : | |
| | : | CASE NO. 19-41154BEM |
| Debtors. | : | |
| | : | (HONORABLE BARBARA ELLIS-MONRO) |

### JAMES MITCHELL SMITH'S SUBMISSION IN SUPPORT OF UNITED STATES TRUSTEE'S MOTION FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE OR EXAMINER

Comes now James Mitchell Smith ("Smith"), a party in interest, and files this Submission in Support of United States Trustee's Motion for Appointment of a Chapter 11 Trustee or Examiner (Doc. 119) ("Motion"). In addition to the grounds asserted by the United States Trustee ("UST") in the Motion for the appointment of a Chapter 11 Trustee or, as alternative relief, for the appointment of a Chapter 11 Examiner, Smith submits that (1) events occurring pre-petition evidencing Debtors' financial irregularities, and (2) the failure to disclose certain financial matters relating to those events in Debtors' Petition, Schedules, and Statements supports a finding of "dishonesty" or "fraud" under 11 U.S.C. § 1104(a)(1).

### STANDING

Smith is named in this case as a Defendant in an Adversary Proceeding, Case No. 19-04230. This adversary proceeding was filed by Debtors' counsel on November 7, 2019 (Doc. 81). It sought to recover a $700,000 payment made to Smith to settle a civil lawsuit and acquire Smith's interest in American Berber, Inc. ("American Berber"), American Carpet Group, Inc. and American Extruders. Debtors originally asserted seven counts—ranging from a preference claim, to a 30-year old breach of contract claim, to a constructive trust claim. The Court dismissed six of

669659.1

the seven claims on Smith's first Motion to Dismiss (Doc. 21). Debtors' First Amended Complaint asserted four causes of action (Doc. 23). In their response to Smith's Second Motion to Dismiss, Debtors agreed to withdraw two of the four causes of action (the breach of contract and attorney's fees claims).

Now, Debtors have whittled their claims down to two claims: (1) a preference claim under 11 U.S.C. §547 in which Debtor American Berber asserts it transferred $700,000.00 of its funds from a bank account in the name of Buy Carpet Direct Today, Inc. ("BCDT") held at Synovus Bank, and (2) recovery against subsequent transferees under 11 U.S.C. §550 of any preference. (*See* 2d Am. Compl. [Doc. 36].) Smith is likewise listed as a creditor in American Berber's Amended Schedule E/F (Doc. 54, p. 9 at 3.24). Accordingly, Smith is a party in interest and may raise, appear, and be heard on any issue in this case.

## MATERIAL OMISSIONS

In his first Motion to Dismiss (Doc. 11), Smith asserted that the preference claim should be dismissed because the alleged transfer was not a transfer by Debtor of property of the bankruptcy estate; instead, it was the transfer of property of BCDT—an entity that neither Debtor identified in his schedules. The source of the $700,000.00 transfer was a BCDT account with Synovus Bank, which was similarly not disclosed by either Debtor. (*See* Am. Berber Amended Petition, Schedules and SOFA [Doc. 24] at p. 1 (Petition, Qs 1 and 2)[1], p. 7 (Schedule A/B, Q 3)[2], p. 10 (Schedule A/B, Qs 70-77), p. 28 (SOFA, Q 18)[3], p. 29 (SOFA, Q 25)[4], Am. Berber Amended

---

[1] Debtor's name, including all other names used by Debtor in the last eight years is listed in the Petition as American Berber, Inc. dba American Carpet Group. There is no mention of BCDT.
[2] The only financial account listed for American Berber is Georgia Bank and Trust. There is no mention of BCDT or BCDT's Synovus account.
[3] The only "other" assets "not yet reported on this form" are claims against Mitchell Smith and Joseph Farless. There is no mention of BCDT or BCDT's Synovus account.
[4] American Berber answered "none." to question 25: "List any business for which the debtor was an owner, partner, member, or otherwise a person in control within the 6 years before filing this case." There is no mention of BCDT or BCDT's Synovus account.

669659.1

2

Schedules [Doc. 54]; Johnson Petition, SOFA and Schedules [Doc. 25-1] at p. 1 (Petition, Qs 1-2[5], and 4[6]), p. 10 (SOFA, Qs 7 and 8), p. 12 (SOFA, Qs 18[7] and 20[8]), pp. 13-14 (SOFA Q 27[9]), p. 22 (Schedule A/B, Qs 17[10] and 19[11]), pp. 24-25 (Schedule A/B, Q 35[12], and Qs 37-44[13]); and p. 25 (Schedule A/B, Q 53[14])).

The Court agreed. In its May 26, 2020 Order, the Court found that BCDT was "an entity in which neither Plaintiff claimed an interest in their own sworn schedules and statement of financial affairs." (Doc. 21, p. 5).

The "facts" that the Debtors offered to fend off Smith's first Motion to Dismiss only raise more questions about material omissions and irregularities, raising concerns of dishonesty or fraud. Plaintiffs argued that (1) Debtor American Berber was the owner of the funds involved in the transfer (Doc. 17, p. 2), (2) BCDT was an entity owned by the Debtor Howard Johnson (Doc. 17, p. 9), (3) BCDT was administratively dissolved on August 23, 2011 (Doc. 17, p. 9), (4) BCDT ceased to exist as of August 22, 2016 (five years after the administrative dissolution) (Doc. 17, p.

---

[5] Debtor's name, including all other names used in the last 8 years lists only Howard E. Johnson in the Petition. There is no mention of BCDT.

[6] In response to the Question regarding "any business names and employer identification numbers (EIN)" used in the last 8 years, Debtor Johnson replied "dba American Extruders." There is no mention of BCDT.

[7] The only sales, trades, or other transfers of property disclosed in SOFA Q 18 are transfers to Hibbymo Properties No. Calhoun, LLC and Robert Miller. There is no mention of BCDT or monies being transferred out of BCDT's Synovus account.

[8] Debtor Johnson's SOFA Q 20 states that Debtor Johnson, within one year before he filed for bankruptcy, did not close, sell, move or transfer any financial accounts or instruments held in his name or for his benefit. There is no mention of BCDT or the BCDT Synovus account.

[9] Debtor Johnson identified American Berber, Inc. and American Carpet Group, Inc. as the only business interest he had had in the four years prior to filing bankruptcy in SOFA Q 27.

[10] The only financial accounts listed by Johnson are checking accounts at Georgia Bank & Trust and Family Savings Credit Union. There is no mention of BCDT or BCDT's Synovus account.

[11] Johnson lists as his only non-publicly traded stock and interest in incorporated and unincorporated businesses American Carpet Group, Inc. and American Berber, Inc. There is no mention of BCDT.

[12] Johnson states that he has no other financial assets not already listed. There is no mention of BCDT or the BCDT Synovus account.

[13] Debtor Johnson does not list any interests in other business related property not already listed or other interests in partnerships or joint ventures. There is likewise no mention of BCDT.

[14] Johnson answers Q 53 "Do you have any other property of any kind you did not already list?" as "No." There is no mention of BCDT or the BCDT Synovus account.

669659.1

9), (5) after the reinstatement period ended, BCDT ceased to exist (Doc. 17, p. 9), and (6) following BCDT's administrative dissolution, BCDT's "bank account was merely a trade name of Howard Johnson" (Doc. 17, p. 9). American Berber and Johnson further argued that "the [transferred funds] contained in the BCDT bank account were owned by Debtor American Berber." (Doc. 7, p. 9.) This critical and material information concerning the BCDT account and Debtors' purported interest in it had never been disclosed in sworn filings by Debtors with the Court. *See footnotes 1-14.*

The Affidavit of Robert Miller ("Miller") (Doc. 17), which Debtors also offered in response to Smith's first Motion Dismiss raised further questions. There, Miller asserts (1) Menard, Inc. ("Menard") was a customer of American Berber, (2) Menard often had deductions and credits applied to its accounts on an ongoing basis, and because of that, American Berber deposited the Menard payments into a separate "reserve" account, (3) American Berber used the account in the name of BCDT as a reserve account, (4) BCDT was a defunct business that never truly operated and has not had any operations since 2011, (5) because the BCDT account was already open, American Berber utilized it as a reserve account, (6) in November 2017, American Berber received three payments from Menard totaling $887,655.38 (the "Funds"), (7) the Funds were deposited into the BCDT account at Synovus, and (8) at all times, said Funds were property of American Berber (Doc. 17, ¶¶ 8-20).  Respectfully, this does not sound like a "reserve account;" it sounds like a slush fund kept "off the books."

Financial irregularities involving American Berber and Johnson funds existed prior to the filings of Chapter 11 by American Berber and Johnson as described herein, and they continued after the bankruptcy filings by American Berber and Johnson as described in the UST's Motion. Cause exists to grant the UST's Motion to appoint a Chapter 11 Trustee.

669659.1

4

Wherefore, in support of the UST's Motion, Smith respectfully requests that the Court take into consideration the material omissions of American Berber and Johnson in sworn documents filed with the Court referenced herein, as well as take into consideration the financial irregularities cited herein in deciding whether to grant the UST's Motion for Appointment of a Chapter 11 Trustee; in the alternative, Smith supports the appointment of an Examiner if for some reason the Court declines to appoint a Chapter 11 Trustee.

BRINSON, ASKEW, BERRY,
SEIGLER, RICHARDSON & DAVIS, LLP

BY: _____
THOMAS D. RICHARDSON
Georgia Bar No. 604313
LEE B. CARTER
Georgia Bar No. 595903
Attorney for James Mitchell Smith

P. O. Box 5007
Rome, GA 30162-5007
(706) 291-8853
(706) 234-3574 (fax)
trichardson@brinson-askew.com

669659.1

5

## CERTIFICATE OF SERVICE

This is to certify that on this day I caused a copy of the foregoing pleading to be served via United States First Class Mail, with adequate postage thereon, on the following parties at the address shown for each:

Debtor(s):

American Berber, Inc.
100 Thomas Street
Calhoun, GA 30703

I further certify that I have on this day electronically filed the pleading using the Bankruptcy Court's Case Management – Electronic Case Filing System (CM/ECF), which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case and are registered with CM/ECF:

Cameron M. McCord (counsel for Debtor)

Vanessa A. Leo (United States Trustee)

This 10 day of December, 2020.

BRINSON, ASKEW, BERRY
SEIGLER, RICHARDSON & DAVIS, LLP

THOMAS D. RICHARDSON
Georgia Bar No. 604313
Attorneys for James Mitchell Smith

P. O. Box 5007
Rome, GA 30162-5007
(706) 291-8853
(706) 234-3574 (fax)
trichardson@brinson-askew.com

669659.1