**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| AMERICAN BERBER, INC. | ) | CASE NO. 19-41154-BEM[1] |
| | ) | |
| Debtor. | ) | |
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| HOWARD JOHNSON, | ) | CASE NO. 19-41149-BEM |
| | ) | |
| Debtor. | ) | |
| | ) | |
| AMERICAN BERBER, INC. and HOWARD JOHNSON | ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | Adv. Proc. No. 19-04230 |
| v. | ) | |
| | ) | |
| JAMES MITCHELL SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF PLEADING, DEADLINE TO OBJECT AND FOR HEARING**

American Berber, Inc. ("Debtor"), debtor in the above-referenced case, has filed a *Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* on June 23, 2021.

Pursuant to General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files a response or objection within twenty-one (21) days from the date of service of this notice. **If you object to the relief requested in this pleading, you must timely file your objection with the Bankruptcy Clerk** at Clerk, U.S. Bankruptcy Court, 600 East First St, Room 339, Rome, GA 30161-3187, and serve a copy on the movant's attorney, Cameron M. McCord, Jones & Walden LLC, 699 Piedmont Avenue, NE, Atlanta, Georgia 30308, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

A hearing on the pleading has been scheduled for **July 21, 2021** at **9:25 a.m.** in Room 342, U.S. Courthouse, 600 East First Street, Rome, GA 30161. If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice or hearing** provided that an order approving the relief requested is entered at least one business

---

[1] An Order was entered on August 29, 2019 substantively consolidating the case of American Carpet Group, Inc., Case No. 19-41150 with the bankruptcy case of American Berber, Inc.

day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the hearing, the hearing will be held at the time and place as scheduled. *Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website (http://www.ganb.uscourts.gov/) prior to the hearing for instructions on whether to appear in person or by phone.*

**Your rights may be affected**. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

This 23rd day of June, 2021.

                              **JONES & WALDEN LLC**

                              */s/ Cameron M. McCord*
                              Cameron M. McCord
                              Georgia Bar No. 143065
                              699 Piedmont Avenue, NE
                              Atlanta, Georgia 30308
                              Attorneys for Debtor
                              (404) 564-9300 Telephone
                              cmccord@joneswalden.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| AMERICAN BERBER, INC. | ) | CASE NO. 19-41154-BEM[2] |
| | ) | |
| Debtor. | ) | |
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| HOWARD JOHNSON, | ) | CASE NO. 19-41149-BEM |
| | ) | |
| Debtor. | ) | |
| | ) | |
| AMERICAN BERBER, INC. and HOWARD JOHNSON | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Adv. Proc. No. 19-04230 |
| v. | ) | |
| | ) | |
| JAMES MITCHELL SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO APPROVE COMPROMISE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

COMES NOW American Berber, Inc. and Howard Johnson (collectively "Debtors" or "Plaintiffs" and files this "*Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019*" (the "Motion"), seeking approval of a Settlement Agreement compromising avoidance claims against James Mitchell Smith ("Mr. Smith," and together with Debtors, the "Parties"), and shows the Court as follows:

---

[2] An Order was entered on August 29, 2019 substantively consolidating the case of American Carpet Group, Inc., Case No. 19-41150 with the bankruptcy case of American Berber, Inc.

3

**JURISDICTION**

1. This Court has jurisdiction over the Claim pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 105 and 502. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This Matter is core proceeding pursuant to 28 U.S.C. § 157(b).

**BACKGROUND FACTS**

2. On May 16, 2019 ("Petition Date"), Debtor American Berber filed the above-referenced chapter 11 bankruptcy case pending in the Rome Division of the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court") as Case No. 19-41154-BEM (the "Bankruptcy Case").

3. On May 15, 2019, Debtor Howard Johnson filed the above referenced chapter 11 bankruptcy case in the Rome Division of the United States Bankruptcy Court for the Northern District of Georgia as Case No. 19-41154-BEM (the "Johnson Bankruptcy Case").

4. On July 23, 2020, the Johnson Bankruptcy Case was confirmed.

5. Debtors allege that during the one-year period before the Petition Date, Debtor American Berber made a payment of $700,000.00 to Mr. Smith while Mr. Smith was an insider ("Alleged Preferential Transfer"). Debtors contend that this Alleged Preferential Transfer is an avoidable preference (the "Preference Claim").

6. Mr. Smith denies that he was an insider at the time of the Alleged Preferential Transfer, denies that Debtor American Berber was insolvent at the time of the Alleged Preferential Transfer, denies that the Alleged Preferential Transfer would constitute a preferential transfer under Section 547(b) of the Bankruptcy Code, and further contends that the Preference Claim would be subject to various defenses available to Mr. Smith under Section 547(c) of the Bankruptcy Code and otherwise, all of which Debtors dispute.

7. Without admitting liability or the viability of any particular defenses, the Parties have agreed that the Preference Claim should be compromised by payment to the estate of $37,500, and a mutual release, including a waiver by Mr. Smith of any claim under Section 502(h) of the Bankruptcy Code against either American Berber or Howard E. Johnson, individually or D/B/A American Extruders (the "Agreement").[3] A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

### RELIEF REQUESTED

8. Debtors request the Court approve the settlement as embodied in the Agreement pursuant to Bankruptcy Rule 9019.

### BASIS FOR RELIEF

9. Federal Rule of Bankruptcy Procedure 9019 provides, in pertinent part, that "[o]n motion by the [debtor in possession] and after notice and a hearing the court may approve a

---

[3] Debtor has summarized the terms of the Settlement Agreement herein but the Settlement Agreement is the controlling document.

5

compromise and settlement." Compromise and settlements assist in efficient administration of the bankruptcy estate, reduce administrative costs, and are favored in bankruptcy. *See Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000).

10. The decision to approve a settlement or compromise lies within the sound discretion of the Court and is based upon the facts and circumstances of each particular case. *See Prospective Comm. For Indep. Stockholders of TMT Trailer ferry, Inc. v. Anderson*, 390 U.S. 414, 424-45 (1968).

11. In determining whether a proposed settlement and compromise is reasonable under Bankruptcy Rule 9019, a bankruptcy court should consider: (a) whether the proposed settlement and compromise is in the best interest of the estate, (b) the probabilities of ultimate success in litigation, (c) the complexity, expense, and likely duration of the litigation, and (d) all other factors relevant to a full and fair assessment of the wisdom of the proposed settlement or compromise. *See In re Media Cent., Inc.*, 190 B.R. 316 (E.D. Tenn. 1994).

12. The Agreement is in the best interest of the estate. The Agreement provides additional funds to the estate of American Berber, Inc. while keeping costs to the estate down thus allowing orderly distribution of estate funds.

13. The probabilities of Debtors' ultimate success with respect to the Preference Claim weigh in favor of approval of the Agreement.

14. The complexity, expense, and likely duration of litigation of the Preference Claim favor approval of the Agreement. Litigation of the Preference Claim would likely result in extensive discovery, briefing, and a trial. Mr. Smith has asserted an alter ego defense which would likely lead to a discovery dispute and further expenses if discovery on such defense is allowed. Moreover, it is questionable whether Debtors would be able to collect on the full amount of any judgment against Mr. Smith should Debtors prevail.

**CONCLUSION**

WHEREFORE, Debtors respectfully request that this Court (a) approve the Agreement, and (b) grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 23rd day of June, 2021.

                        **JONES & WALDEN LLC**

                        */s/ Cameron M. McCord*
                        Cameron M. McCord
                        Georgia Bar No. 143065
                        Attorneys for Debtors
                        699 Piedmont Avenue, NE, Atlanta, Georgia 30308
                        (404) 564-9300
                        cmccord@joneswalden.com

**Exhibit "A"**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| **In re:** <br><br> **HOWARD E. JOHNSON D/B/A, AMERICAN EXTRUDERS,** <br><br> **Debtor.** | **CHAPTER 11** <br><br> **CASE NO. 19-41149-BEM** |
| **In re:** <br><br> **AMERICAN BERBER, INC.**[1] <br><br> **Debtor.** | **CHAPTER 11** <br><br> **CASE NO. 19-41154-BEM** |
| **AMERICAN BERBER, INC. and HOWARD JOHNSON** <br><br> **Plaintiff,** <br><br> v. <br><br> **JAMES MITCHELL SMITH,** <br><br> **Defendant.** | **ADVERSARY PROCEEDING** <br><br> **CASE NO. 19-04230-BEM** |

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter "the Settlement Agreement") is entered into this ___ day of June, 2021 by and among Howard E. Johnson, individually and D/B/A American Extruders and American Berber, Inc. ("Debtors") and James Mitchell Smith ("Mr. Smith" and with Debtors, the "Parties").

WHEREAS, Mr. Johnson and Mr. Smith formerly worked together in the carpet production business.

---

[1] An Order was entered on August 29, 2019 substantively consolidating the case of American Carpet Group, Inc., Case No. 19-41150 with the bankruptcy case of American Berber, Inc. When used in this Settlement Agreement, "American Berber" includes American Carpet Group, Inc., unless stated otherwise.

WHEREAS, in 2014, Mr. Smith filed a lawsuit asserting a partnership interest in Debtor American Berber against Mr. Johnson and American Berber in the Superior Court of Gordon County, Case No. 14-CV-63012 ("Smith Superior Court Action").

WHEREAS, the Smith Superior Court Action settled in early 2019 with a payment of $700,000 to Mr. Smith (the "Prepetition Payment"), and was dismissed with prejudice by stipulation on February 12, 2019.

WHEREAS, on May 15, 2019, Mr. Johnson filed a voluntary petition under chapter 11.

WHEREAS, on May 16, 2019, American Berber, Inc. ("American Berber") filed a voluntary petition under chapter 11.

WHEREAS, American Carpet Group, Inc. filed a voluntary petition under chapter 11 on May 15, 2019, and was substantively consolidated with Debtor American Berber on August 29, 2019.

WHEREAS, Mr. Johnson's chapter 11 plan was confirmed on July 23, 2020 and he continues to manage his affairs as a reorganized debtor.

WHEREAS, American Berber continues to operate its business and manage its affairs as a debtor-in-possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code.

WHEREAS, On November 7, 2019, Debtor American Berber and Mr. Johnson filed a complaint in this Court against Mr. Smith, commencing Adversary Proceeding No. 19-04230-bem. (the "Smith Adversary Proceeding.").

WHEREAS, American Berber and Mr. Johnson filed the Smith Adversary Proceeding to attempt to avoid the Prepetition Payment, among other theories, as a preference.

WHEREAS, Mr. Smith disputes that the Prepetition Payment would constitute an avoidable preferential transfer under Section 547(b) of the Bankruptcy Code; and

WHEREAS, following good faith negotiations, without admitting liability or the viability of any particular affirmative defenses, the Parties have agreed to resolve the Smith Adversary Proceeding as follows, to avoid the cost and uncertainty of litigation.

NOW, THEREFORE, in consideration of the foregoing, the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties hereby intending to be legally bound, agree as follows:

1. This Settlement Agreement is subject to Bankruptcy Court approval pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9019. Debtor American Berber shall file a motion to approve this Settlement Agreement and settlement set forth herein, pursuant to Bankruptcy Rule 9019, with the Bankruptcy Court.

2. This Settlement Agreement shall be effective only upon entry of an order by the Bankruptcy Court under Bankruptcy Rule 9019 approving this Settlement Agreement and the settlement set forth therein ("Bankruptcy Court Authorization").

3. Mr. Smith shall pay Debtor American Berber the sum of $37,500 (the "Settlement Payment") within 30 days following Bankruptcy Court Authorization in accordance with the following payment instructions: delivery of the Settlement Payment payable to Debtor American Berber's counsel, Jones & Walden, LLC, 699 Piedmont Avenue NE, Atlanta, Georgia 30308.

4. Effective immediately upon entry of the Bankruptcy Court Authorization on a final, non-appealable basis (the "Settlement Effective Date"), and subject to Debtors' receipt of the Settlement Payment:

   a. Debtors on behalf of themselves and their estates, as well as their respective shareholders, members, directors, officers, managers, employees, representatives, agents, beneficiaries, successors, affiliates, subsidiaries, parent companies, transferees and assigns,

and do hereby waive, remise, release, and forever discharge Mr. Smith and his respective employees, representatives, agents, beneficiaries, transferees and assigns, and attorneys from and against any and all claims, demands, actions, causes of action, suits, proceedings, contracts, judgments, damages, accounts, reckonings, executions, and liabilities whatsoever of every name and nature, whether known or unknown, asserted or unasserted, whether or not founded in fact or in law, and whether in law, at equity or otherwise, which Debtors may have against Mr. Smith, except for the rights of Debtors set forth under this Agreement.

b.      Mr. Smith and his respective employees, representatives, agents, beneficiaries, successors, transferees and assigns, do hereby waive, remise, release, and forever discharge Debtors and their estates and their respective shareholders, members, directors, officers, managers, employees, representatives, agents, beneficiaries, successors, affiliates, subsidiaries, parent companies, transferees and assigns, and attorneys from and against any and all claims, demands, actions, causes of action, suits, proceedings, contracts, judgments, damages, accounts, reckonings, executions, and liabilities whatsoever of every name and nature, whether known or unknown, asserted or unasserted, whether or not founded in fact or in law, and whether in law, at equity or otherwise, which Mr. Smith may have against Debtors, except for the rights of Mr. Smith set forth under this Agreement.

c.      For the avoidance of doubt, Mr. Smith further waives, remises, releases, and forever discharges both Debtors and their respective estates of any claim under 11 U.S.C. § 502(h), or under any similar theory, arising from the recovery by Debtors of the Settlement Payment under this Settlement Agreement. The enumeration of this specific release shall not be construed to limit the scope of the foregoing releases.

5. Seven days after the later of the Settlement Effective Date and the Debtors' receipt of the Settlement Payment, all Parties agree to execute the Stipulation of Dismissal of the Smith Adversary Proceeding with prejudice attached hereto as Exhibit "A" and counsel for Debtors agrees to thereafter promptly file the Stipulation of Dismissal in the Smith Adversary Proceeding.

6. Each of the Parties acknowledge this Settlement Agreement is a compromise of a disputed claim and that none of the statements made herein, nor the Settlement Payment made hereunder, nor any other consideration given, shall be construed as an admission of any liability by either Party. In the event that the Settlement Effective Date does not occur or the settlement described in this Settlement Agreement is not approved or otherwise consummated, the Parties each reserve all of their rights against the other, including, without limitation, all claims, counterclaims, and defenses. Further, if the Settlement Effective Date does not occur, Debtors' counsel will promptly refund the Settlement Payment to Mr. Smith. To effectuate any such refund, the Settlement Payment shall be held in trust by Debtors' counsel until the Settlement Effective Date occurs and the Stipulation of Dismissal is filed.

7. This Settlement Agreement constitutes the complete understanding between the Parties and supersedes any and all prior oral and written understandings, agreements and arrangements between the Parties. This Settlement Agreement cannot be altered, amended, or modified in any respect, except by a writing duly executed by all Parties.

8. Subject to the occurrence of the Settlement Effective Date, the Bankruptcy Court retains jurisdiction to interpret or enforce this Settlement Agreement.

9. Each of the Parties does hereby warrant that it is authorized and empowered to execute this Settlement Agreement, that it knows of no contractual commitment or legal limitation of, impediment to, or prohibition against its entry into this Settlement Agreement, and this

Settlement Agreement is legal, valid and binding upon it subject to the terms hereof and Bankruptcy Court Authorization. Each of the Parties acknowledges that they have read this Settlement Agreement in its entirety, fully understood its terms, and voluntarily accepted the terms set forth herein. Further, each Party acknowledges that it has had an opportunity to consult with legal counsel and any other advisers of its choice with respect to the terms of this Settlement Agreement and it is signing this Settlement Agreement of its own free will.

10. Each Party shall bear its own attorneys' fees and costs relating to the resolution of claims subject to this Settlement Agreement and the negotiation and execution of this Settlement Agreement.

11. Each Party hereby represents and warrants to the other Party that it has made no assignment, and hereafter will make no assignment of any Claim or any other right released pursuant to this Settlement Agreement. Further, each Party hereby represents and warrants that it has full legal authority to dispose of the Claims that are the subject of this Settlement Agreement.

12. It is understood and agreed that this Settlement Agreement may be executed in identical counterparts and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes, and together will constitute one and the same document.

13. Subject to Bankruptcy Court Authorization and the terms hereof, this Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their legal representatives, heirs, predecessors, successors and assigns. This Settlement Agreement shall not be construed more strictly against one of the Parties than another merely by virtue of the fact that it, or any part of it, may have been prepared by one of the Parties, it being recognized that it is the result of good faith negotiations between the Parties. The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and the

expressed intent of the Parties. In the event that any part of this Settlement Agreement shall be found to be illegal or in violation of public policy, or for any reason unenforceable at law, such finding shall not invalidate any other part hereof, unless such portion of this Settlement Agreement is so material that its deletion would violate the obvious purpose and intent of the Parties. Each Party shall execute all instruments and documents and take all actions as may be reasonably required to effectuate the terms of this Settlement Agreement.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed by themselves or on their behalf by their respective attorneys effective as of the day and year first above written.

| Howard E. Johnson D/B/A American Extruders | James Mitchell Smith |
|---|---|
| _____ | _____ |
| Howard Johnson | James Mitchell Smith |
| Date:_____ | Date:_____ |

American Berber, Inc.

By: _____
Name: Howard Johnson
Its: Chief Executive Officer
Date:_____

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| AMERICAN BERBER, INC. | ) | CASE NO. 19-41154-BEM |
| | ) | |
| _____Debtor._____ | ) | |
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| HOWARD JOHNSON, | ) | CASE NO. 19-41149-BEM |
| | ) | |
| _____Debtor._____ | ) | |
| | ) | |
| AMERICAN BERBER, INC. and HOWARD JOHNSON | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Adv. Proc. No. 19-04230-BEM |
| v. | ) | |
| | ) | |
| JAMES MITCHELL SMITH, | ) | |
| | ) | |
| _____Defendant._____ | ) | |

**STIPULATION OF DISMISSAL**

**IT IS HEREBY STIPULATED AND AGREED** by and among all parties to this action through their undersigned counsel that all claims asserted in this adversary proceeding and which are brought by Plaintiffs against Defendant are hereby **DISMISSED WITH PREJUDICE** in accordance with the order approving the settlement of this adversary proceeding entered by the United States Bankruptcy Court for the Northern District of Georgia, Rome Division in Case Number 19-41154-BEM. Each party shall bear their own costs.

This ___ day of _____, 2021

Stipulated by:

**JONES & WALDEN LLC**
*/s/ Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
Attorney for Plaintiffs
699 Piedmont Ave, NE,
Atlanta, Georgia 30308
cmccord@joneswalden.com
(404) 564-9300

**BRINSON, ASKEW, BERRY,
SEIGLER, RICHARDSON & DAVIS, LLP**
*/s/ Thomas D. Richardson*, *with express permission*
*by Cameron M. McCord*
Thomas D. Richardson
Georgia Bar. No. 604313
615 West First Street
P.O. Box 5007
Rome, GA 30162-5007
(706) 291-8853
trichardson@brinson-askew.com