**IT IS ORDERED as set forth below:**

**Date: July 29, 2021**

_____

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

IN RE:

AMERICAN BERBER, INC. and AMERICAN
CARPET GROUP, INC.,

        Debtors.

CASE NO. 19-41154-BEM
Substantively Consolidated

CHAPTER 11

### ORDER AND NOTICE OF EVIDENTIARY HEARING

1.      An evidentiary hearing in the above-styled matter on the United States Trustee's _Motion to Convert Case to Chapter 7 or Alternatively for the Appointment of a Chapter 11 Trustee_ [Doc. 190] shall be held on **September 1, 2021 at 10:00 AM in COURTROOM 1402**, UNITED STATES COURTHOUSE, RICHARD B. RUSSELL FEDERAL BUILDING, 75 TED TURNER DRIVE (f/k/a SPRING STREET), S.W., ATLANTA, GEORGIA. The hearing will not be rescheduled except by express permission of the Court.

2.      Counsel and parties appearing _pro se_ are hereby directed to file on the docket witness lists and marked exhibits, with a cover page listing the exhibits, not later than **August 25, 2021**. The parties shall also file with the Clerk's Office a separate, typed listing of each

party's objections to the exhibits of the other party prior to the hearing date. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties, and such documents will be admitted at the hearing without further proof of authenticity.

3.      If the parties determine that, by reason of settlement or other good cause, the case should not be heard, which determination shall be subject to Court approval, counsel are directed to notify the Court immediately in order that the time set aside for the instant hearing may be assigned to other litigants, since all cases in this Court are specifically set to commence on a date certain.

4.      Given the current public health crisis, access to the Courtroom is limited to 10 people, including Court staff.

5.      Counsel for Debtor, a representative of Debtor, and counsel for the United States Trustee shall appear in person. Witnesses and other parties who wish to participate in the Hearing may appear in person subject to the 10-person limitation in paragraph 4 or may appear remotely via Zoom using Judge Ellis-Monro's Virtual Hearing Room.

6.      All those who wish to participate in or observe the Hearing should contact Candace Holley, Courtroom Deputy Clerk, (BEMChambers@ganb.uscourts.gov or (404) 215-1030) to determine whether they will appear in person or remotely.

7.      The following procedures shall apply to those individuals appearing in person:

a. All parties, witnesses, and attorneys are required to wear a mask or face covering when interacting with Bankruptcy Court staff and in the common or public areas of Bankruptcy Court facilities and in the Courtroom except as provided below.

2

b. Any person addressing the Bankruptcy Court from counsel table or the podium must remove their mask or face covering. Any witness must remove their mask or face covering while testifying.

c. All persons in the Courtroom should find their designated position marked with his or her name and should sit in the designated position and refrain from moving around the Courtroom unless otherwise instructed.

d. All persons must maintain responsible social distancing to the extent practicable, including in the courtrooms, in the hallways, in the restrooms, and at security checkpoints. All persons must follow any posted signs or verbal instructions as to behavior in the Courtroom and the courthouse.

e. No person shall approach the bench, the clerk, or the witness stand unless given express permission by the presiding judge.

f. **Each** party and **each** witness must arrive at the courthouse with his or her own set of exhibits for both parties so that no person shares paper. No attorney will approach the witnesses or present exhibits to them, either on direct or cross examination.

g. Each person should bring their own water for consumption during the hearing.

8. Remote Witness Testimony. Having found "good cause in compelling circumstances" and "adequate safeguards," any witness called to testify at the Hearing may testify by contemporaneous transmission from a different location into the courtroom (each a "Remote Witness"). The following procedures shall apply to Remote Witnesses:

a.  Counsel or parties appearing pro se shall contact Candace Holley, Courtroom Deputy Clerk, (BEMChambers@ganb.uscourts.gov or (404) 215-1030), at least three

business days prior to the Hearing for instructions on accessing Judge Ellis-Monro's Virtual Hearing Room if any of their witnesses will be appearing remotely.

b. All Remote Witnesses shall be placed under oath and their testimony shall have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness was sworn and testified in open court.

c. Each Remote Witness shall provide their testimony from a quiet room and must situate themselves in such a manner as to be able to both view the video feed and be seen by the Court.

d. Each Remote Witness must be provided with a copy of exhibits that counsel or pro se parties intend to refer to in the witnesses' testimony so that they can look at those exhibits. Any such exhibits must be filed with the Court as required by paragraph 2 of this Order.

e. While the Remote Witness is sworn and testifying: (i) no person may be present in the room from which the Remote Witness is testifying, (ii) the Remote Witness may not have in the room any documents except the exhibits submitted by the parties pursuant to paragraph 2 above, and (iii) may not communicate with any other person regarding the subject of their testimony, by electronic means or otherwise. If the witness or their counsel seek to communicate with one another, either shall openly request a recess for such purpose. If such request is granted by the Court, the witness and their counsel may privately confer "offline," i.e., by telephonic means that are not transmitted to the other parties.

9. Courtroom Formalities. Although conducted using telephonic and videoconferencing technologies, the Hearing constitutes a court proceeding. No person shall record—from any location or by any means—the audio or video of the Hearing. The audio recording created and maintained by the Court shall constitute the official record of the Hearing.

4

Further, the formalities of a courtroom shall be observed. All participants shall dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court and its proceedings. Witnesses and others appearing remotely should "mute" themselves when not testifying or otherwise speaking to the Court to avoid interrupting the Hearing or interfering with the clarity of the record. Witnesses should "unmute" themselves each time to give testimony or speak to the Court.  The use of headsets is strongly recommended for all witnesses and others appearing remotely as participation without a headset may cause echoing or feedback.

**END OF ORDER**

**Distribution List**

Leon S. Jones
Jones & Walden, LLC
699 Piedmont Avenue NE
Atlanta, GA 30308

Cameron M. McCord
Jones & Walden, LLC
699 Piedmont Avenue NE
Atlanta, GA 30308

Vanessa A. Leo
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive SW
Atlanta, GA 30303

Erich N. Durlacher
Burr & Forman, LLP
Suite 1100
171 Seventeenth St., NW
Atlanta, GA 30363

Timothy M. Gibbons
Chambliss, Bahner & Stophel, PC
Suite 1700
605 Chestnut Street
Chattanooga, TN 37450

Jeffrey W. Maddux
Chambliss, Bahner & Stophel, P.C.
Liberty Tower - Suite 1700
605 Chestnut Street
Chattanooga, TN 37450

Thomas D. Richardson
Brinson, Askew, Berry, et al
P. O. Box 5007
Rome, GA 30162-5007

ALL CREDITORS AND PARTIES