IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE:<br><br>AMERICAN BERBER, INC.,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 19-41154-BEM[1] |

## RENEWED MOTION TO DISMISS DEBTOR'S CHAPTER 11 CASE PURSUANT TO SECTION 1112(b) OF THE BANKRUPTCY CODE

COMES NOW American Berber, Inc. ("Debtor"), by and through the undersigned counsel, and hereby files this "*Renewed Motion to Dismiss Debtor's Chapter 11 Case Pursuant to Section 1112(b) of the Bankruptcy Code*" (the "Motion"). In support of the Motion, Debtor shows the Court as follows:

### SUMMARY OF REQUESTED RELIEF

#### Jurisdiction

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

#### Background

2. On May 15, 2019, Howard Johnson, the Debtor's principal, filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code"), initiating Case No. 19-41149.

3. On May 15, 2019, American Carpet Group, Inc. filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code, initiating Case No. 19-41150.

---

[1] An Order was entered on August 29, 2019 substantively consolidating the case of American Carpet Group, Inc., Case No. 19-41150 with the bankruptcy case of American Berber, Inc., Case No. 19-41154.

4. On May 16, 2019, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the Bankruptcy Code, initiating Case No. 19-41154.

5. On August 29, 2019, the Court substantively consolidated the case of American Carpet Group, Inc., Case No. 19-41150 with the bankruptcy case of American Berber, Inc., Case No. 19-41154 (Doc. No. 63).

**Howard Johnson Plan**

6. On June 10, 2020, Mr. Johnson filed his plan of reorganization (Johnson Doc. No. 82). The Johnson Plan was amended on July 17, 2020 (Johnson Doc. No. 103) and then amended and restated on July 21, 2020 (Johnson Doc. No. 106) (the "Johnson Plan"). The Johnson Plan provided for payment in full of Mr. Johnson's undisputed creditors holding claims of $191,002.37 (Class 4), and payment in full of any disputed creditors if there was a finally allowed claim in such creditor's favor. This included Joseph Farless (Class 5) and Mitch Smith (Class 6). All Class 4 creditors voted in favor of the Johnson Plan and Mr. Farless voted in favor of the Johnson Plan (Johnson Doc. No. 105) (certification of ballots).

7. On July 23, 2020, the Court confirmed the Johnson Plan. (Johnson Doc. No. 107).

8. On October 7, 2020, Mr. Johnson filed an Application for Final Decree. (Johnson Doc. No. 122).

9. The Court granted the Final Decree on November 16, 2020 (Johnson Doc. No. 126) and the case was closed.[2]

**Smith Adversary Proceeding**

10. On November 7, 2019, Debtor and Mr. Johnson filed an adversary proceeding against James Mitchell Smith, adversary proceeding no. 19-4230 (the "Smith Adversary").

---

[2] Joseph Farless filed a Motion to Reopen Howard E. Johnson's Chapter 11 Bankruptcy Case on July 26, 2021. (Johnson Doc. No. 128). The Court denied such motion.

11. The Court approved a settlement of the Smith Adversary proceeding on July 20, 2021, whereby Mr. Smith paid Debtor's estate $37,500 and all parties entered mutual releases, including a waiver by Mr. Smith of any claim under Section 502(h) of the Bankruptcy Code against either American Berber or Mr. Johnson. (Doc. No. 188).

12. The parties stipulated to dismissal with prejudice of the Smith Adversary in accordance with that settlement (Adv. Proc. No. 19-4230, Doc. No. 65).

### Farless Adversary Proceeding

13. On May 15, 2019, Mr. Johnson removed from the Superior Court of Gordon County, Georgia to this Court the case of *Joseph Farless v. Howard E. Johnson, individually and d/b/a American Extruders, American Berber, Inc. and American Carpet Group, Inc.*, initiating Adversary Proceeding No. 19-4027 (the "Farless Adversary").

14. The Court held a hearing on Plaintiff's Updates to the Pre-Trial Proposed Consolidated Pre-Trial Order and Defendant's Notice of Objection on November 17, 2021.

15. The trial in Farless Adversary Proceeding is currently scheduled for March 14-21, 2022.

### Status of This Case

16. On November 17, 2020, the United States Trustee filed a Motion for Appointment of a Chapter 11 Trustee or Examiner (Doc. No. 119). On February 25, 2021, the Court granted the request for appointment of an examiner (Doc. No. 147). Gary Murphy was appointed as Examiner (Doc. No. 148).

17. On June 11, 2021, the Examiner filed his Final Report.

18. On July 22, 2021, the United States Trustee filed a motion to convert case to Chapter 7 or alternatively for the appointment of a Chapter 11 Trustee (Doc. No. 190). The Court originally set such motion for evidentiary hearing on September 1, 2021.

19. On August 2, 2021, the Court entered an order authorizing and directing the examiner to secure the real and personal property located at 100 Thomas Street, Calhoun, GA 30701 ("Thomas Street Property") (Doc. No. 206) ("Closure Order").

20. On August 16, 2021, Debtor filed a motion to dismiss the Bankruptcy Case (Doc. No. 208, "Motion to Dismiss").

21. The Court has currently set the Motion to Convert and Motion to Dismiss for evidentiary hearing on January 13, 2022.

**Initial Contract on the Industrial Boulevard Property**

22. In or around September of 2021, Mr. Johnson obtained a contract to sell the Industrial Boulevard Property.

23. In an attempt to resolve the United States Trustee's concerns regarding the Motion to Convert, Mr. Johnson agreed to escrow with his counsel proceeds from the sale of the Industrial Boulevard Property in the amount of $1,000,000. Mr. Johnson agreed to escrow such $1,000,000 despite the fact that Mr. Johnson, not the Debtor, owned the Industrial Boulevard Property.

24. On September 21, 2021, the Court entered an Interlocutory Order. The United States Trustee, Mr. Johnson, American Berber, the Examiner, and Mr. Farless consented to the Interlocutory Order under which Mr. Johnson agreed to escrow $1,000,000.00 in funds from the sale of the Industrial Boulevard Property. The Court also continued the hearing on the Motion to Convert and Motion to Dismiss. (Doc. No. 213).

### Filing of Gordon County Lawsuit

25. On September 22, 2021, Jennifer Harris and Robert Miller, ex-employees of American Berber, filed a complaint against Mr. Johnson personally claiming unpaid commissions owed, commencing Case No. 21-cv-71705, Superior Court of Gordon County (the "Gordon County Lawsuit").

26. Ms. Harris and Mr. Miller, by their attorney Leslie Waycaster, also filed a lis pendens on the Industrial Boulevard Property.

27. This lis pendens was unlawful because the Gordon County lawsuit did not concern title to land. Nevertheless, the lis pendens prevented the closing of the sale of the Industrial Boulevard Property. Therefore, Mr. Johnson was blocked from obtaining the funds to escrow under the Court's Interlocutory Order.

28. The proposed purchaser under the contract did not close because of the lis pendens and the resulting delay in closing, and the contract expired or was terminated.

29. Shortly after the proposed purchaser did not close, the parties to the Gordon County Lawsuit agreed to escrow $285,000.00[3] from the closing proceeds of the sale of the Industrial Boulevard Property. As a result, the lis pendens was canceled. Such agreement is memorialized by an order of the Gordon County Superior Court.

### Transfer of Claims

30. On October 26, 2021, Mr. Johnson filed *Notices of Transfer of Claims Other Than for Security* for 27 claims in the American Berber case (the "Claims Transfers"). (AB Doc. Nos. 217-233, 251-269, 279-294).

---

[3] This $285,000 escrow is separate from and in addition to the $1,000,000 escrow agreed to under this Court's Interlocutory Order.

31. On October 27, 2021,[4] the Clerk's Office mailed notices of the Claims Transfers to the transferors, requiring that objection, if any, be made within 21 days pursuant to FRBP 3001(e).

32. Such 21-day period passed on November 17, 2021.

33. A review of the Court's docket in this case shows no objections filed by any party. Accordingly, other than Joseph Farless' claim to be addressed at trial scheduled for March 2022, Mr. Johnson holds $178,880.82 of $329,983.79[5] of the claims in this case.

34. The remaining outstanding unsecured claims are (1) the Internal Revenue Service for $30,345.76 and $2,200.00, (2) Lawson Electric Co., Inc. for $19,886.00, (3) Phoenix Chemical Company for $3,235.20, (4) Polymer Solutions Group Financial, LLC for $79,980.18, (5) ProGlobal Products, LLC for $5,690.92, and (6) UPS for $455.00. Other than the IRS and UPS, each of these claims are disputed claims.

## Industrial Boulevard Property Closing

35. Following the termination of the first contract due to the unlawful lis pendens, Mr. Johnson obtained a new contract for the sale of the Industrial Boulevard Property that would permit Mr. Johnson to fund the escrow under the Court's Interlocutory Order and the $285,000 escrow under the Gordon County Superior Court's order (the "New Contract").

36. Such New Contract, under which the purchaser paid $2,356,000.00, closed on December 9, 2021.

---

[4] One notice was sent on October 29, 2021. The objection period for that notice expired on November 19, 2021.

[5] Such amount excludes all claims which are made against both Howard Johnson personally and American Berber, in the total amount of $106,179.97. Mr. Johnson agreed to pay these claims under his Plan. Therefore, such claims are redundant as to American Berber.

37. On December 9, 2021, Debtor's counsel Jones & Walden LLC received the wire for the Escrowed Funds in the amount of $1,000,000.00. Such funds are currently held in the firm's IOLTA account.

38. Debtor is filing a "Report of Sale of Real Property and Application for Approval of Proposed Distributions" contemporaneously with this Motion. Debtor proposes to pay allowed claims as more fully described therein.

39. Because Mr. Johnson has escrowed the funds as anticipated by this Court's Interlocutory Order, Debtor requests the Court dismiss Debtor's case pursuant to 11 U.S.C. §1112(b) upon the terms set forth herein.

## **RELIEF REQUESTED**

40. No secured claims were scheduled or filed in this case.

41. Administrative expense creditors will be paid from the Escrowed Funds to the extent their claims are approved by the Court.

42. Dismissal of this case will not affect James Mitchell Smith, as any claim held by Mr. Smith has been resolved and released in the settlement agreement approved by the Court, as discussed above.

43. Dismissal of this case will not affect Joseph Farless as any claim held by Mr. Farless, as finally allowed by the Court in the Farless Adversary, will be paid in full from the Escrow Funds or under the Johnson Plan.

44. All remaining undisputed unsecured claims have either been purchased by Mr. Johnson or will be paid from the Escrowed Funds.

45. Accordingly, Debtor submits there is no bankruptcy purpose served in this case continuing. As such, Debtor does not need to continue to incur the administrative costs of continuing in bankruptcy.

46. A proposed order granting this motion is attached as **Exhibit A**.

## STATUTORY PREDICATES

47. Under Section 1112(b) of the Bankruptcy Code, a court may dismiss a debtor's Chapter 11 case "for cause."  11 U.S.C. § 1112(b); *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984); *In re Blunt*, 236 B.R. 861, 864 (Bankr. M.D. Fla. 1999).  Section 1112(b) states, in pertinent part:

> (b)…on request of a party in interest, and after notice and a hearing, the court shall…dismiss a case under this chapter…for cause…

11 U.S.C. § 1112(b).  A determination of cause is made by the court on a case-by-case basis.  *See Albany Partners*, 749 F.2d at 674.  In addition, a bankruptcy court is not required to explain its reasons for dismissal in detail because such decisions are particularly delegated to the bankruptcy court's sound discretion.  *See In re Camdon Ordnance Mfg. Co. of Arkansas, Inc.*, 1999 WL 587790, at *2 (Bankr. E.D. Pa. 1999) (citing *In re Atlas Supply Corp.*, 837 F.2d 1061, 1063 (5th Cir. 1988)).  Therefore, it is clear that the Court is authorized to dismiss the Debtor's Chapter 11 case upon a showing of "cause."

48. The legislative history of Section 1112(b) indicates that a court has wide discretion to use its equitable powers to dispose of a debtor's case.  H.R.Rep. No. 595, 95th Cong., 1st Sess. 405 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 117 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, *see also In re Preferred Door Co.*, 990 F.2d 547, 549 (10th Cir. 1993) (a court has broad discretion to dismiss a bankruptcy case); *In re Sullivan Cent. Plaza I, Ltd.*, 935

F.2d 723, 728 (5th Cir. 1991) (determination of whether cause exists under Section 1112(b) "rests in the sound discretion" of the bankruptcy court); *In re Koerner*, 800 F.2d 1358, 1367 & n. 7 (5th Cir. 1986) (bankruptcy court is afforded "wide discretion" under Section 1112(b); *Albany Partners*, 749 F.2d at 647.  For reasons more fully explained below, the Court should use its grant of broad authority to dismiss the Debtor's Chapter 11 case.

49. Section 1112 provides a nonexclusive list of grounds for dismissal. 11 U.S.C. § 1112; *Frieouf v. U.S.*, 938 F.2d 1099, 1102 (10th Cir. 1991) (Section 1112's list is non-exhaustive); *Blunt*, 236 B.R. at 864. Cause for dismissal of bankruptcy case is not limited to examples enumerated in 11 USCS § 1112 but is a matter of discretion for court. *In re Mid-Valley Aggregates, Inc*. 49 BR 498 (Bankr. D. N.D. 1985). Courts have found cause for dismissal where no bankruptcy purpose would be served by the continuation of the case. *See In re Forum Health*, 444 B.R. 848, (Bankr. N.D. Oh. 2011).  Thus, the Court may dismiss the Debtor's Chapter 11 case where it is reasonably shown that there is no bankruptcy purpose served by continuation of the bankruptcy.

## **NOTICE**

50. Notice of this Motion shall be given to (a) the Office of the United States Trustee and (b) all creditors and (c) all parties in interest.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an Order (in the form as attached hereto as Exhibit A): (a) dismissing the Debtor's Chapter 11 case under Section 1112(b) of the Bankruptcy Code, and (b) granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 10th day of December, 2021.

**JONES & WALDEN LLC**

*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
Attorney for Debtor
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404) 564-9300 Telephone
(404) 564-9301 Facsimile
tmcclendon@joneswalden.com

# Exhibit "A"

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**AMERICAN BERBER, INC.,**<br><br>Debtor. | **CHAPTER 11**<br><br>**CASE NO. 19-41154-bem** |

**ORDER ON DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE
PURSUANT TO SECTION 1112(B) OF THE BANKRUPTCY CODE**

On December 10, 2021, American Berber, Inc.[1] ("Debtor") filed its "Renewed Motion to Dismiss Debtor's Chapter 11 Case Pursuant to Section 1112(b) of the Bankruptcy Code" ("Motion") (Doc. No. XX). This case came before the Court on December 21, 2021, following notice to creditors and other parties in interest in accordance with Bankruptcy Rule 2002(a), for a hearing on the Motion. Leon Jones and Tom McClendon appeared on behalf of Debtor. Vanessa A. Leo appeared on behalf of the United States. Trustee. **[Additional appearances]** Based upon

---

[1] On August 28, 2019, the Court entered an order substantively consolidating the Chapter 11 cases of American Berber, Inc., case no. 19-41154, and American Carpet Group, Inc., case no. 19-41150, into Debtor's case (Doc. No. 63, as amended, Doc. No. 66).

the pleadings of record and the proffer at the hearing, the Court has determined that further administration of the case is not in the interests of the estate or creditors. The Debtor's Motion for dismissal is GRANTED upon the terms set forth herein, and it is hereby ORDERED as follows:

1. This case is DISMISSED pursuant to 11 U.S.C. §1112(b).

2. The Order Authorizing and Directing the Examiner to Secure the Real and Personal Property Located at 100 Thomas Street, Calhoun, Georgia 30701 (Doc. No. 206) is hereby VACATED.

3. Notwithstanding 11 U.S.C. § 349(b) or other applicable provisions of Title 11 of the United States Code, Jones & Walden LLC shall disburse the funds held in the firm's IOLTA account in the amount of $1,000,000.00 (the "Escrow Funds") only in accordance with the Court's Order on Debtor's Report of Sale and Notice of Proposed Distributions, entered concurrently herewith, or subsequent order of the Court.

4. The Court retains jurisdiction to review and approve any applications for professional fees for (a) Jones & Walden LLC, as attorneys for Debtor, (b) Gary M. Murphy, as Examiner, (c) Resurgence Financial Services, LLC, as forensic accountant to Examiner, and (d) Burr & Forman LLP, as counsel for Examiner. Any such application for approval of professional fees shall be filed within fourteen (14) days of the entry of this Order. Debtor shall pay any such approved professional fees from the Escrow Funds within 14 days of the date any order on such application becomes a final order not subject to appeal.

5. Debtor shall file all outstanding Monthly Operating Reports within thirty (30) days from entry of this Order and remit the quarterly fees owed to the United States Trustee upon receipt of any invoice for such fees.

6. The Court shall retain jurisdiction over the Farless Adversary styled as follows: *Joseph Farless v. Howard E. Johnson, individually and d/b/a American Extruders, American Berber, Inc. and American Carpet Group, Inc.*, initiating Adversary Proceeding No. 19-4027 (the "Farless Adversary").

**End of Document**

Prepared and presented by:

**JONES & WALDEN LLC**
*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Avenue NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Attorney for Debtor

**Distribution List:**

Thomas T. McClendon
Jones & Walden LLC
699 Piedmont Ave NE
Atlanta, Georgia 30308

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

American Berber
100 Thomas Street
Calhoun, GA 30703

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **AMERICAN BERBER, INC.** | **CASE NO. 19-41154-BEM** |
| Debtor. | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 10, 2021, the *Renewed Motion to Dismiss Debtor's Chapter 11 Case Pursuant to 1112(b) of the Bankruptcy Code* was electronically filed using the Bankruptcy Court's Electronic Case Filing program, which sends notices of and accompanying links to the Notice and Motion to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- **Matthew R. Brooks**     matthew.brooks@troutmansanders.com
- **Erich N. Durlacher**     edurlach@burr.com, awyatt@burr.com
- **Timothy M. Gibbons**     tgibbons@chamblisslaw.com, jgranillo@chamblisslaw.com
- **Michael D. Hurtt** hurttnotices@windstream.net; hurttecfnotices@gmail.com;G17451@notify.cincompass.com
- **David W. Johnson**     david@hurttlaw.com, david.johnson8@gmail.com;G17451@notify.cincompass.com
- **Lindsay P. S. Kolba**     lindsay.p.kolba@usdoj.gov
- **Vanessa A. Leo**     ustpregion21.at.ecf@usdoj.gov, Vanessa.A.Leo@usdoj.gov
- **Jeffrey W. Maddux**     jmaddux@chamblisslaw.com, lthreadgill@chamblisslaw.com;mculp@chamblisslaw.com;sbarham@chamblisslaw.com;gfairbanks@chamblisslaw.com;ttucker@chamblisslaw.com;gchambers@chamblisslaw.com;cgarrett@chamblisslaw.com
- **Gary M. Murphey**     murphey@rfslimited.com
- **Martin P. Ochs**     martin.p.ochs@usdoj.gov
- **Office of the United States Trustee**     ustpregion21.at.ecf@usdoj.gov
- **Thomas D. Richardson**     Tdr82454@gmail.com;TRichardson@Brinson-Askew.com
- **Thomas R. Walker**     thomas.walker@fisherbroyles.com
- **Stuart Freeman Wilson-Patton**     agbankgeorgia@ag.tn.gov, Stuart.Wilson-Patton@ag.tn.gov
- **Adolyn C. Wyatt**     dsteiger@burr.com

11

This 10th day of December, 2021.

                                      **JONES & WALDEN LLC**

                                      */s/ Thomas T. McClendon*
                                      Thomas T. McClendon
                                      Georgia Bar No. 431452
                                      Attorney for Debtor
                                      699 Piedmont Ave NE
                                      Atlanta, Georgia 30308
                                      tmcclendon@joneswalden.com